THE PRESBYTERY OF INDIANAPOLIS, ETC. *v.*
THE FIRST UNITED PRESBYTERIAN CHURCH, ETC.

[No. 667A14. Filed September 13, 1968.]

*Grier M. Shotwell,* and *Kothe, Shotwell & Kortepeter,* of counsel, of Indianapolis, for appellant.

*Nelson G. Grills,* of Indianapolis, for appellee.

BIERLY, J.—The learned counsel for appellees, on July 23, 1968, filed a brief of 29 pages in support of his petition for rehearing in the instant case.

On August 1, 1968, appellant filed a brief in opposition to appellees' petition for rehearing. Proof of service was filed in each case.

Appellees attack the court's opinion wherein it stated, "We cannot lend our approval to an attempt of dismemberment even in a small degree of one of our great religious denominations", and concludes that such a statement is violative of Article I, Section 4, of the Indiana State Constitution, which states: "No preference shall be given, by law, to any creed, religious society, or mode of worship."

In our opinion by the use of the word "dismemberment" our reference envisioned, as in the case at bar, a dissident congregation wholly ignoring an adverse ruling of the parent or the highest ecclesiastical court to which it had appealed, refused to abide the decision of such parent body, and unlawfully seizing church property formerly devoted to denominational usage and customs of the parent organization.

It appears to be a strangely far-fetched conclusion upon the part of the appellees, as the opinion in no way or manner, either directly or by implication, challenged freedom of worship upon the part of appellees, nor did appellees assert any denials of freedom of conscience in the case at bar.

The crux of the opinion is to the effect that a withdrawal by a subordinate congregation from the parent or general church organization, and in so doing attempting to take with it the church property being held in trust by it from the general church organization, is neither supported by the ecclesiastical law of the church nor by the civil law. Further, the opinion did not hold that the members of a dissident or non-conforming congregation could not depart from the parent organization regardless of the religious

views they may espouse, but in so doing the property of the dissident congregation could not be appropriated and taken with them.

We are not impressed with the charge set forth in the Petition for Rehearing that the opinion of this Court results in the United Presbyterian Church in the United States of America being invested with the power "to amend, avoid and make of no effect, a statute of the State of Indiana." We see no application of such charge derogatory to the opinion. The opinion contains not only the common law rule but rests upon the guarantee provided by the Constitution of the United States. We quote from the opinion, to-wit:

> "(W)e think the rule of action which should govern the civil courts, founded in a broad and sound view of the relations of church and state under our system of laws, and supported by a preponderating weight of judicial authority is, that, *whenever the questions of discipline or of faith, or ecclesiastical rule, custom, or law have been decided by the highest of these church judicatories to which the matter has been carried, the legal tribunals must accept such decision as final and binding on them, in their application to the case before them"* (Emphasis supplied).

Appellees, in their brief in support of their Petition for Rehearing, present a masterly discussion of corporation law in general. In the case at bar, we are dealing with the incorporation of the appellee, the Indianapolis Church. We held, and we think rightly so, in the opinion that the corporation in the case at bar becomes a trustee under an express trust and that the property, in the hands of the trustee, was impressed with an implied or constructive trust. We further held that *it is the enforcement of this trust against property in the hands of the Indianapolis Church appellee,* and not the impairment of the corporate form or any threat to its continued existence. We have in the case at bar, the Indianapolis Church, after an organization as a corporation to serve its purposes, proceeding to

deliver its property by a conveyance to its corporation solely for the benefit of the congregation. This property was held subject to the law and tenets of the general organized church or parent of which the local congregation was a part and was impressed with a trust in favor of the denomination or general church organization when and if such local church organization or congregation was dissolved. In such a contingency; title to the property would pass and be lodged in appellant by virtue of applicable ecclesiastical law of the denomination with the same trust being operative in favor of the entire membership of the general church body.

Appellees called to the attention of the court an apparent misleading statement. The statement challenged is found on page 15 of the opinion, and reads as follows:

"At a special meeting of the congregation of appellee church on 30th day of March, 1958, of a total members present only 23 voted and approved a resolution, closing with this paragraph, to-wit:"

This should have, and was intended to, thus read:

"At a special meeting of the congregation of appellee church on the 30th day of March, 1958, all of the 23 members present of the total membership of 49, voted and approved a resolution closing with this paragraph, to-wit:"

In connection with the petition for rehearing heretofore filed in this cause, the appellant timely filed a motion to modify the original mandate of this court to provide that, in lieu of instructing the trial court to grant a new trial, this court go further and not only instruct the trial court to grant the appellant's motion for new trial, but also to enter judgment for the appellant on its complaint.

And the court having reviewed the record now finds that since all of the evidence in this cause was submitted by stipulation and exhibits, and no useful purpose would be served

in having a retrial thereof, it would be appropriate for it to change its original mandate.

Accordingly, the judgment is reversed with directions to enter a judgment in conformity with the law as expressed herein. *Salvation Army, Inc., et al. v. Hart etc. et al.* (1958), 239 Ind. 1, 154 N. E. 2d 487; 3 Wiltrout, Indiana Practice, § 2797 (3), p. 509.

The court now authorizes West Publishing Company and Indiana Decisions to make correction set forth above in the opinion heretofore transmitted.

We are of the opinion that appellees' petition for rehearing fails to demonstrate error and hence, said petition for rehearing should be denied.

Petition for rehearing denied.

Pfaff and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 240 N. E. 2d 77.